ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| TEST ENVIROMENTAL, INC.<br><br>Apelados<br><br>v.<br><br>TO GO STORES, INC.<br><br>Apelantes | KLAN202400058 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: KAC2016-0418(908)<br><br>Sobre: Derecho Contractual, Incumplimiento de Contrato y Cobro de Dinero |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Comparece ante *nos*, To Go Stores, Inc. (parte apelante) y nos solicita que revisemos y revoquemos la *Sentencia Enmendada* emitida el 24 de octubre de 2023 y notificada el 25 de octubre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI declaró *Con Lugar* la *Demanda* que presentó Test Environmental, Inc. (parte apelada).

Además, la parte apelante nos solicita que revisemos la *Resolución* emitida el 27 de noviembre de 2023, mediante la cual el TPI declaró *Con Lugar* el *Memorando de Costas* que presentó la parte apelada.

Por los fundamentos que se exponen a continuación, *confirmamos* la *Sentencia Enmendada* y la *Resolución* apelada.

**I.**

Con fecha del 18 de mayo de 2016, la parte apelada presentó una *Demanda* sobre incumplimiento de contrato y cobro de dinero en contra de la parte apelante. El 19 de julio de 2016, la parte apelante presentó la *Contestación a la Demanda*. Posteriormente, el

Número Identificador

SEN2024_____

12 de junio de 2017, la parte apelante presentó un *Escrito en Solicitud de Autorización para Presentar Reconvención*.

Acto seguido, el 6 de noviembre de 2017, el TPI emitió una *Resolución* mediante la cual autorizó la *Reconvención*. En dicha *Reconvención*, la parte apelante precisó que en la medida en que la parte apelada no pudo, ni puede, certificar si las medidas tomadas remediaron el terreno, sufrió pérdidas económicas al invertir en compra de material químico y pago de honorarios a la parte apelada por un trabajo que se desconoce si funcionó. Oportunamente, el 18 de enero de 2018, la parte apelada presentó la *Contestación a la Reconvención*.

Luego de varios trámites procesales, se celebró el Juicio en su Fondo los días 20 al 23 de agosto de 2019 y el 2 de octubre de 2019. Consecuentemente, el 30 de diciembre de 2019, el TPI emitió una *Sentencia* mediante la cual declaró *Con Lugar* la *Demanda* y condenó a la parte apelante al pago adeudado. El 16 de enero de 2020, el TPI emitió una *Sentencia Nunc Pro Tunc* mediante la cual corrigió el lenguaje utilizado en la sentencia.

Así las cosas, el 14 de enero de 2020, la parte apelante presentó un *Escrito en Solicitud de Determinaciones de Hechos Adicionales y en Solicitud de Reconsideración*. El 15 de julio de 2020, la parte apelada presentó una *Réplica a Moción de Reconsideración*. Así, el 16 de noviembre de 2020, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de determinaciones de hechos adicionales y de reconsideración que presentó la parte apelante.

Inconforme, el 16 de diciembre de 2020, la parte apelante presentó un recurso de *Apelación* ante este Tribunal. Luego de varios incidentes procesales, innecesarios pormenorizar, el 9 de marzo de 2023, un panel hermano nuestro dictó *Sentencia.* En la misma, se desestimó el recurso presentado por prematuro, pues el

TPI no había resuelto la *Reconvención* que presentó la parte apelante; por lo que, la *Sentencia* emitida no impartía finalidad a las controversias habidas entre las partes.

Así pues, el 24 de octubre de 2023, notificada el 25 de octubre de 2023, el TPI emitió una *Sentencia Enmendada*. Mediante dicho dictamen, el TPI declaró *Con Lugar* la *Demanda* y condenó a la parte apelante al pago de $288,717.73. Además, desestimó la *Reconvención* que presentó la parte apelante.

El 2 de noviembre de 2023, la parte apelada presentó un *Memorando de Costas*. El 9 de noviembre de 2023, la parte apelante presentó una *Solicitud de Determinaciones de Hechos Adicionales y Reconsideración de la Sentencia*. El 10 de noviembre de 2023, la parte apelante presentó un *Escrito en Cumplimiento de Orden para Replicar Memorando de Costas*. El 27 de noviembre de 2023, el TPI emitió una *Resolución* mediante la cual declaró *Con Lugar* el *Memorando de Costas* y condenó a la parte apelante al pago de $2,195.00.

Subsiguientemente, el 15 de diciembre de 2023, la parte apelante presentó una *Solicitud de Reconsideración* con relación a la *Resolución* del *Memorando de Costas*. El 19 de diciembre de 2023, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Solicitud de Determinaciones de Hechos Adicionales y Reconsideración de la Sentencia* y la *Solicitud de Reconsideración* del *Memorando de Costas* que presentó la parte apelante.

Insatisfecho aun, el 18 de enero de 2024, la parte apelante presentó un recurso de *Apelación* ante este Tribunal y alegó la comisión de los siguientes errores:

> **PRIMER ERROR: Erró el Honorable TPI al negarse a aplicar la doctrina del contrato no cumplido (*exceptio non adimpleti contractus*), o la modalidad de dicha doctrina conocida como la excepción de contrato no cumplido adecuadamente o excepción de falta de *cumplimiento regular (Exceptio Non Rite Adimpleti Contractus*), que permite al demandado**

**ser liberado de cumplir con su obligación o, en la alternativa reducir el importe.**

**SEGUNDO ERROR: Erró el Honorable TPI al arribar y consignar determinaciones de hechos y conclusiones de derecho que no se ajustan ni a la prueba desfilada y admitida en evidencia, ni a las disposiciones estatutarias y jurisprudenciales que rigen los asuntos en controversia.**

**TERCER ERROR: Erró el Honorable TPI en su apreciación de la prueba desfilada lo que llevó al TPI al resolver mediando elementos de pasión, perjuicio, parcialidad o error manifiesto, lo que resultó en determinaciones y conclusiones contrarias a derecho.**

**CUARTO ERROR: Erró el Honorable TPI al desestimar la Reconvención a base de su errada apreciación de la prueba desfilada por la parte demandada apelante.**

**QUINTO ERROR: Erró el Honorable TPI al declarar Con Lugar, en su totalidad, el memorando de derecho presentado por la parte demandante apelante y concede el reembolso de los gastos por concepto de transcripciones de deposiciones.**

El 1 de febrero de 2024, emitimos una *Resolución* mediante la cual le concedimos a la parte apelada un término de veinte (20) días para presentar su alegato. El 21 de febrero de 2024, la parte apelada presentó un *Alegato de la Parte Apelada*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. La discreción del Tribunal de Primera Instancia**

La *discreción* es la facultad de los tribunales de justicia para resolver de una forma u otra y de escoger entre varios cursos de acción. *W.M.M., P.F.M. et als. v. Colegio et als.*, 211 DPR 871 (2023); *Citibank et al v. ACBI et al,* 200 DPR 724, 735 (2018). Al foro primario se le reconoce una amplia discreción. Sus decisiones merecen gran deferencia, debido a que es el foro que conoce las particularidades del caso, tiene contacto con los litigantes y examina la prueba. La única limitación es que la medida sea adecuada y razonable. El ejercicio adecuado de la discreción está inexorable e

indefectiblemente atado al concepto de la razonabilidad. *Pueblo v. Gastón Torres,* 139 DPR 314 (1995).

Así pues, la *discreción* es una forma de razonabilidad aplicada al discernimiento judicial con el propósito de llegar a una conclusión justiciera. *Ramírez Ferrer v. Policía de P.R.*, 158 DPR 320 (2002); *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651 (1997). Se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. Los tribunales apelativos no debemos intervenir con las determinaciones discrecionales del foro primario con el objetivo de sustituir su criterio por el nuestro. No obstante, esa deferencia cede, cuando el Tribunal de Primera Instancia actúa con perjuicio, parcialidad, incurrió en craso abuso de discreción o incurrió en error manifiesto. *Citibank et al v. ACBI et al, supra.*

Ahora bien, no resulta fácil precisar cuándo un Tribunal abusa de su discreción. Como sabemos, existen ciertas guías para poder determinar cuándo un tribunal ha abusado de su discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009). Así pues, un tribunal incurrirá en un abuso de discreción - *inter alia* - cuando el juez no toma en cuenta e ignora en la decisión que emite - sin fundamento para ello - un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario - sin justificación ni fundamento alguno - concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *W.M.M., P.F.M. et als. v. Colegio et als., supra.* Véase, además, *Pueblo v. Custodio Colón,* 192 DPR 567 (2015); *García v. Padró,* 165 DPR 324, 336 (2005)*; Pueblo v. Ortega Santiago,* 125 DPR 203, 211(1990).

## B. Apreciación de la prueba

En materia de apreciación de prueba, los foros apelativos habremos de brindar deferencia a las determinaciones de hechos formuladas por el foro judicial primario. *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 740 (2007); *Rolón v. Charlie Car Rental, Inc.*, 148 DPR 420, 433 (1999). La norma general es que, si la actuación del foro *a quo* no está desprovista de una base razonable y no perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de primera instancia, a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Por ello, este Foro apelativo intermedio evitará variar las determinaciones de hechos del foro sentenciador, a menos que medie pasión, prejuicio, parcialidad o error manifiesto. Regla 42.2 de Procedimiento Civil (32 LPRA Ap. V). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013); *Ramírez Ferrer v. Conagra Foods PR*, 175 DPR 799, 817 (2009). Sobre el particular, nuestro Tribunal Supremo ha expresado que:

> Una de las normas más conocidas en nuestro ordenamiento jurídico es que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín*, *supra*, pág. 753.

Sin embargo, la aludida norma de autolimitación judicial cede cuando "un análisis integral de [la] prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia; correspondiéndole al apelante de manera principal señalar y demostrar la base para ello". *Pueblo v. Cabán Torres*, 117 DPR 645, 648 (1986). Por tanto, como foro apelativo, no debemos intervenir con las determinaciones de hechos, ni con la adjudicación de credibilidad que hace un Tribunal de Primera Instancia y sustituir mediante tal acción su criterio, por

el nuestro. *Rivera Menéndez v. Action Services*, 185 DPR 431, 448-449 (2012); *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 356 (2009). Así pues, la apreciación que hace el foro primario merece nuestra deferencia, toda vez que es quien tiene la oportunidad de evaluar directamente el comportamiento de los testigos y sus reacciones. Recordemos que dicho foro, es el único que observa a las personas que declaran y aprecia su *demeanor*. *Ramírez Ferrer v. Conagra Foods PR, supra.* Véase, además, *Trinidad v. Chade*, 153 DPR 280, 291 (2001); *Ramos Acosta v. Caparra Dairy Inc.*, 113 DPR 357, 365 (1982).

En fin, como norma general, no intervendremos con la apreciación de la prueba realizada por el Tribunal de Primera Instancia. Regla 42.2 de Procedimiento Civil, *supra.* Véase, además, *Rivera Menéndez v. Action Services*, *supra*, págs. 448-449; *Monllor Arzola v. Sociedad de Gananciales*, 138 DPR 600, 610 (1995). No obstante, sí, de un examen de la prueba, se desprende que el juzgador descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios improbables o imposibles, se justifica nuestra intervención. *C. Brewer PR, Inc. v. Rodríguez*, 100 DPR 826, 830 (1972). Ello, sin obviar la norma que establece que un tribunal apelativo no puede dejar sin efecto una sentencia cuyas conclusiones encuentran apoyo en la prueba desfilada. *Sánchez Rodríguez v. López Jiménez*, 116 DPR 172, 181 (1985).

**C. La imposición de costas**

La Regla 44.1 de Procedimiento Civil (32 LPRA Ap. V), rige la concesión de costas en nuestro ordenamiento jurídico. Dicha disposición tiene una función reparadora, ya que permite el reembolso de los gastos necesarios y razonables en los que tuvo que incurrir la parte prevaleciente del pleito en la tramitación de este. *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880 (2012). Así,

su derecho no queda menguado por los gastos que tuvo que incurrir sin su culpa y por culpa del adversario. *Íd.*, pág. 934.

Así pues, esta norma de derecho procesal tiene dos (2) propósitos: (1) restituir lo que una parte perdió por hacer valer su derecho al ser obligada a litigar; y, (2) penalizar la litigación inmeritoria, temeraria o viciosa. *Auto Servi, Inc. v. E.L.A.*, 142 DPR 321 (1997). En nuestra jurisdicción, la imposición de costas a la parte vencida es una norma que es mandatoria. *ELA v. El Ojo de Agua Development, Inc.*, 205 DPR 502 (2020); *Montañez v. U.P.R.*, 156 DPR 395, 422-423 (2002). No obstante, su concesión no opera de forma automática, ya que se tiene que presentar oportunamente un memorando de costas en el que se precisen los gastos incurridos. *Colón Santos v. Coop. Seg. Mult. P.R.,* 173 DPR 170 (2008);

Por lo cual, una vez se presenta oportunamente el memorando de costas, el tribunal deberá determinar cuáles gastos fueron necesarios y razonables y conceder las mismas a la parte victoriosa. *Auto Servi, Inc. v. E.L.A.*, *supra*; *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456, 461 (1992). Ahora bien, son costas los gastos necesariamente incurridos en la tramitación de un pleito o procedimiento, que un litigante debe reembolsar a otro por mandato de ley o por determinación discrecional del juez. Regla 44.1 de Procedimiento Civil, *supra.* Véase, además, *J.T.P. Dev. Corp. v. Majestic Realty Corp, supra,* pág. 460; R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, sec. 4201, pág. 381.

Así, las costas que contempla la Regla 44.1 de Procedimiento Civil, *supra,* son gastos: (a) necesarios; (b) incurridos; y, (c) razonables. Su razonabilidad se entenderá dentro de la realidad económica de Puerto Rico y, en cuanto a los gastos personales, además, se tendrá en cuenta la condición económica de las personas concernidas (testigos y litigantes). No se aprobarán gastos

innecesarios, superfluos o extravagantes. *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245 (1963). Así pues, la razón de ser de esta norma es, resarcir a la parte que resultó victoriosa de los gastos necesarios y razonables incurridos por motivo del pleito y penalizar la litigación viciosa. Íd., pág. 248-249.

**III.**

En el caso que nos ocupa, la parte apelante aseveró que el foro de instancia incidió al negarse a aplicar la doctrina del contrato no cumplido, o la modalidad de dicha doctrina conocida como la excepción de contrato no cumplido adecuadamente o excepción de falta de cumplimiento regular, que permite al demandado ser liberado de cumplir con su obligación o, en la alternativa reducir el importe. También, alegó que incidió el foro apelado al arribar y consignar determinaciones de hechos y conclusiones de derecho que no se ajustan ni a la prueba desfilada y admitida en evidencia, ni a las disposiciones estatutarias y jurisprudenciales que rigen los asuntos en controversia. Indicó, además, que erró el foro recurrido en su apreciación de la prueba desfilada lo que lo llevó a resolver mediando elementos de pasión, perjuicio, parcialidad o error manifiesto, lo que resultó en determinaciones y conclusiones contrarias a derecho.

Asimismo, sostuvo el apelante que incidió el TPI al desestimar la *Reconvención* a base de su errada apreciación de la prueba que presentó. Por último, planteó el apelante que erró el foro de instancia al declarar *Con Lugar*, en su totalidad, el memorando de derecho presentado por la parte apelada y conceder el reembolso de los gastos por concepto de transcripciones de deposiciones.

Según reseñamos, el Juicio en su Fondo se celebró los días 20 al 23 de agosto de 2019 y el 2 de octubre de 2019; es decir, tuvo una duración de cinco (5) días. Durante esos cinco (5) días, las partes presentaron la prueba que entendieron pertinente para probar sus

respectivas causas de acción. Específicamente, las partes presentaron como testigos a: Nelson Capote Ortiz, María de los Ángeles Colón Santiago, Álvaro Morales Vargas y Juan David Negrón Hernández. En consecuencia, el TPI admitió y tuvo la oportunidad de examinar la prueba presentada; además, el foro de instancia pudo observar a los testigos, evaluó su comportamiento, sus reacciones y adjudicó la credibilidad que le merecía.

Transcurrido el Juicio en su Fondo, y luego de varios trámites procesales, el 24 de octubre de 2023, el foro apelado emitió una *Sentencia Enmendada* en la cual formuló noventa y seis (96) determinaciones de hechos. Así pues, a través de esas determinaciones de hechos, quedó demostrado – a satisfacción del TPI – que la parte apelada fue contratada por la parte apelante para realizar los trabajos de remediación, los cuales en dicha industria se realizan por etapas. Además, que para realizar los trabajos de remediación se toman muestras del terreno y el precio de cada etapa puede variar debido a que se van determinando los trabajos que se realizarán conforme a la necesidad. También, quedó demostrado que los servicios rendidos por la apelante a la apelada fueron aprobados y negociados por personal de la parte apelante.

Asimismo, tal y como resolvió el TPI, el único abono de $30,000.00 realizado por la parte apelante para la factura de la tercera etapa de inyecciones, contó con el aval de esta. Así, el contrato entre las partes consistió en el ofrecimiento de un servicio por la parte apelada y el pago de dichos servicios por la parte apelante. Ante el incumplimiento de la parte apelante con el pago acordado, el apelado solicitó el cumplimiento específico de lo pactado; pues, según se demostró a satisfacción del TPI, la parte apelada realizó su parte del contrato al haber ejecutado los trabajos por los que facturó. En consecuencia, coincidimos con el TPI en que es obligación de la parte apelante cumplir con el pago de los servicios que la parte apelada rindió.

Asimismo, en cuanto a la *Reconvención* que presentó la parte apelante, surge que la parte apelada facturó por los servicios que realizó, llevó a cabo tres (3) etapas de inyecciones de químico descontaminante en el terreno y realizó dos (2) etapas de toma de muestras. Sin embargo, la tercera etapa de muestras no se realizó debido a la destrucción de los pozos de muestreo y tampoco se facturó. No es posible obviar que, la parte apelante arrendó el terreno a CVS quienes aceptaron el avance de los trabajos de remediación y ocuparon el terreno. Dicha ocupación del terreno contó con el aval de la parte apelante.

Por lo tanto, no incidió el TPI al realizar sus determinaciones de hechos y conclusiones de derecho, pues estas encuentran apoyo en la prueba desfilada. De un examen de la prueba, no se desprende que la Jueza de instancia haya descartado injustificadamente elementos probatorios importantes o que fundó su criterio en testimonios improbables o imposibles, que justifiquen nuestra intervención. Por lo cual, las decisiones a las que arribó el TPI merecen gran deferencia, debido a que es el foro que conoce las particularidades del caso, tiene contacto con los litigantes y examina la prueba.

Luego de un análisis minucioso del caso ante *nos*, no coincidimos con la parte apelante en cuanto a que el foro recurrido resolvió mediando elementos de pasión, perjuicio, parcialidad o error manifiesto.

Por último, la parte apelante planteó que incidió el TPI al declarar *Con Lugar*, en su totalidad, el memorando de derecho presentado por la parte apelada y conceder el reembolso de los gastos por concepto de transcripciones de deposiciones. No le asiste la razón. Según surge del derecho que antecede, la Regla 44.1 de Procedimiento Civil, *supra*, permite el reembolso de los gastos necesarios y razonables en los que tuvo que incurrir la parte

prevaleciente del pleito en la tramitación de este. Por lo que, su derecho no queda menguado por los gastos que tuvo que incurrir sin su culpa y por culpa del adversario.

Aunque en nuestra jurisdicción, la imposición de costas a la parte vencida es una norma que es mandatoria, su concesión no opera de forma automática, ya que se tiene que presentar oportunamente un memorando de costas en el que se precisen los gastos incurridos. *ELA v. El Ojo de Agua Development, Inc., supra*; *Colón Santos v. Coop. Seg. Mult. P.R., supra.*

En el caso ante *nos*, luego de que el TPI emitió la *Sentencia Enmendada*, la parte apelada presentó un *Memorando de Costas*. En esta, solicitó, entre otros gastos, el reembolso de los gastos por concepto de transcripciones de deposiciones. Posteriormente, la parte apelante presentó un *Escrito en Cumplimiento de Orden para Replicar Memorando de Costas,* mediante el cual se opuso a la solicitud que presentó la parte apelada. Consecuentemente, el TPI, en el ejercicio de su sana discreción y luego de evaluar los argumentos de las partes, concedió el pago de $2,195.00, a favor de la parte apelada.

Así pues, no incidió el TPI al declarar *Con Lugar*, en su totalidad, el memorando de derecho presentado por la parte apelada y conceder el reembolso de los gastos por concepto de transcripciones de deposiciones. El TPI evaluó la justificación ofrecida por la parte apelada en cuanto a los gastos por concepto de transcripciones de deposiciones y realizó una determinación. Es decir, determinó cuales gastos fueron necesarios y razonables y concedió los mismos a la parte apelada. No encontramos indicios de que dicha determinación sea un errada, pues dicho gasto no es uno innecesario, superfluo o extravagante. *Garriga, Jr. v. Tribunal Superior, supra.*

## IV.

Por los fundamentos antes expuestos, los que se hacen formar parte de este dictamen, se confirma la *Sentencia Enmendada* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones