AMERICAN COLONIAL BANK OF PORTO RICO, demandante y apelada, *v.* JOSÉ RAMÍREZ MUÑOZ, hoy su sucesión, y TRINIDAD R. DE RAMÍREZ, demandados y apelantes.

No. 5009.—*Sometido:* Febrero 20, 1930. *Resuelto:* Junio 19, 1931.

*Rafael Arce,* abogado de la Sucesión Ramírez, apelante; *González Fagundo & González, Jr.,* abogados del Administrador judicial; *Luis Mendín Sabat,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

The American Colonial Bank of Porto Rico demandó a los componentes de la sucesión de don José Ramírez Muñoz en cobro de dinero alegando cinco causas de acción correspondientes a cinco pagarés con un total de $11,000, en cuyos documentos el deudor se comprometió a pagar las costas, gastos y honorarios de abogado en caso de reclamación judicial. Citados los demandados, unos por edictos y otros personalmente, y embargados sus bienes con anotación en el registro de la propiedad fué registrada la rebeldía de los demandados. Señalado día para el juicio y presentada prueba por la demandante, la corte dictó sentencia condenatoria de pago por la cantidad reclamada con costas, gastos y honorarios de abogado. Firme esa sentencia, la demandante presentó su memorándum de costas ascendente a $1,824.25, y habiéndose opuesto a él todos los demandados la corte dictó resolución rebajándolo a $712.25. Contra esta resolución interpusieron algunos de los demandados este recurso de apelación.

██ En la vista de ese incidente los apelantes ofrecieron presentar prueba de que por convenio de las partes se había aplazado el cobro de las cantidades reclamadas en la demanda, a los efectos de que no hubo temeridad por su parte, a fin de que la corte apreciase tal hecho en la fijación de honorarios y gastos. La negativa de la corte a admitir esa prueba es el fundamento del primer motivo de este recurso.

El causante de los apelantes aceptó en los documentos firmados por él que pagaría las costas, gastos y honorarios en caso de reclamación judicial por lo que la cuestión de no haber habido temeridad por parte de los demandados no tiene relación alguna con la fijación de las costas, y por tanto la corte inferior no cometió ese error.

■ El segundo se funda en que para probar el demandante una partida de $150 que le cobró una compañía de fianzas por darle la que le requirió la corte para que pudiera embargar bienes de los demandados, se presentó el recibo de esa cantidad firmado así: "H. L. Cochran, agente general. —Por Matilde Hernández, agente."

En la vista declaró un testigo que esa cantidad fué pagada por dicho concepto y que vió firmar el recibo a Matilde Hernández.

De ese recibo aparece que Matilde Hernández, cuya firma ha sido identificada, firmó como agente por H. L. Cochran, agente general; y como la firma del último no fué puesta por él no había necesidad de identificarla. Y no era necesario probar la existencia de la sociedad fiadora, que el Sr. Cochran sea su agente general y que Matilde Hernández es agente, porque el objeto de la presentación de tal recibo fué únicamente probar ese pago.

En el último error se alega que se condena al pago de partidas innecesarias, a saber: $150 por la prima de la fianza prestada para hacer el embargo; $17.50 por derechos de la anotación del embargo; y $9 por notificación del memorándum de costas; y porque manda a pagar la cantidad de $500 por honorarios de abogado, incurriendo así la corte inferior en abuso de discreción al disponer todos esos pagos.

■■■■ En esas partidas, menos en la de honorarios de abogado, no se ataca la cuantía de ellas. Lo que se sostiene es que son improcedentes. Sin embargo, estos gastos fueron originados como consecuencia del pleito, pues el demandante tenía derecho, de acuerdo con la ley, a asegurar la efectividad de la sentencia que se dictase a su favor; y como en este caso era necesaria la prestación de una fianza, los demandados vienen obligados a pagar el gasto causado por virtud de la fianza y para la anotación del embargo en el registro de la propiedad. Si no hubieran dado lugar al pleito no se hubieran causado tales gastos. También están obligados

a pagar la notificación que se les hizo del memorándum de costas pues sin ella no podía ser resuelto. Dicen los apelantes que esa notificación pudo haber sido hecha por $2 pero no demuestran que esto sea así.

Con respecto a la cantidad por honorarios de abogado fijada en el memorándum en $1,600 y rebajada por la corte a $500, no encontramos haya un abuso manifiesto de la discreción judicial al fijar dicha cuantía, dada la cantidad reclamada, las diligencias practicadas en el pleito y las declaraciones que rindieron dos abogados, sin ser contradichas.

*La resolución apelada debe ser confirmada.*