WILLIAM HENRY ARMSTRONG, demandante y apelado, *v.* F. E. JONES, demandado y apelante.

No. 6493.—*Sometido:* Junio 19, 1934. *Resuelto:* Julio 11, 1934.

*Pellón & Ayuso,* abogados del apelante; *L. Feliú,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El demandado en este pleito fué condenado a pagar las costas. El demandante presentó el memorándum de ellas y el demandado se opuso a algunas de las partidas que contiene. El demandante retiró una de ellas y la corte aprobó el memorándum rebajando los honorarios de abogado a $400.

El demandado apeló esa resolución y dice en su alegato que la cantidad de $400 para abogado del demandante es excesiva y que la corte inferior no debió conceder cantidad alguna por la anotación del embargo en el registro ni derechos del márshal por practicar el embargo y por su notificación, ni por lo pagado por el demandante por primas de la fianza de una compañía para el embargo. En resumen, que nada puede cobrar el demandante por lo relacionado con el embargo, que fué hecho para asegurar la efectividad de la sentencia que se dictara en el pleito.

La corte inferior fundó la resolución apelada en el caso de *American Colonial Bank* v. *Ramírez,* 42 D.P.R. 454. En

él se cobraban, como en este caso, en un memorándum de costas la prima pagada a una compañía por la fianza que prestó para hacer el embargo y los derechos por la anotación de él y por su notificación. Respecto de esas partidas impugnadas como improcedentes, dijimos lo que sigue: "En esas partidas, menos en la de honorarios de abogado, no se ataca la cuantía de ellas. Lo que se sostiene es que son improcedentes. Sin embargo, estos gastos fueron originados como consecuencia del pleito, pues el demandante tenía derecho, de acuerdo con la ley, a asegurar la efectividad de la sentencia que se dictase a su favor; y como en este caso era necesaria la prestación de una fianza, los demandados vienen obligados a pagar el gasto causado por virtud de la fianza y para la anotación del embargo en el registro de la propiedad. Si no hubieran dado lugar al pleito no se hubieran causado tales gastos."

El apelante alega que ese caso no es de aplicación al presente porque se fundó en que el demandado en aquél se comprometió en un pagaré a satisfacer las costas, gastos y honorarios de abogado, mientras que en el presente no se comprometió a tales pagos el demandado. Está equivocado el apelante porque la referencia que se hizo a esa obligación del pagaré fué para resolver otra cuestión, la de temeridad del demandado, pero no para la de si debían ser pagados los gastos del embargo.

También alega el apelante que no tiene que pagar la prima satisfecha a la compañía que prestó la fianza para el embargo porque el demandante podía, de acuerdo con la ley, haber prestado fianza personal, en metálico o hipotecaria, que no ocasiona gastos de primas y son menos onerosas.

El demandante tenía el derecho de elegir cualquiera de los medios de fianza que le concede la ley para poder embargar bienes de su demandado, por lo que si alguno de esos medios produce gastos debe pagarlos el demandado.

Respecto a la cuantía concedida por honorarios de abogado diremos que no podemos declarar que sea excesiva,

pues no estamos en las mismas condiciones que la corte inferior para resolver esa controversia, ya que ante ella se presentaron todos los autos del pleito como prueba, y esa prueba no ha sido traída ante nosotros en este recurso.

*La resolución apelada debe ser confirmada.*

Los Jueces Asociados Señores Wolf y Hutchison, disintieron.[*]