AUTO SERVI, INC., demandante y recurrida, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y peticionario.

*Número:* CC-93-300          *Resuelto:* 24 de enero de 1997

*Carlos Lugo Fiol, Procurador General, María del P. Aguirre Vázquez* y *Rosana Márquez Valencia, Procuradoras Generales Auxiliares,* abogados del peticionario; *Sylvia I. Hernández Castrodad,* de *Bobonis, Bobonis & Rodríguez Poventud,* abogada de la recurrida.

Opinión del Tribunal emitida por el Juez Asociado Señor Fuster Berlingeri.

Nos toca resolver, por primera vez, si el costo de la fianza que la parte interesada presta en el pleito de impugnación de la confiscación de un vehículo de motor es un

gasto necesario en la tramitación de ese pleito, que deba resarcirse como costa por el Estado de resultar exitosa la impugnación.

I

La demandante recurrida, Auto Servi, Inc.[1] (en adelante Auto Servi), obtuvo de Velco, en arrendamiento a largo plazo, una flota de vehículos de motor para ser utilizados en su negocio conocido como "Budget Rent a Car". Conforme lo acordado contractualmente, Auto Servi adquirió un interés propietario sobre los vehículos aludidos. Uno de éstos era un automóvil marca Ford, modelo Contour, que correspondía a la tablilla BXM 797.

El 15 de junio de 1995 Auto Servi le alquiló a Carlos Soto Lozada el referido vehículo Ford. Días más tarde, el 30 de junio de 1995, unos agentes del orden público intervinieron con el conductor de dicho vehículo, Angel Cotto, por éste haber realizado un viraje indebido. Cotto fue arrestado, entonces, por poseer una licencia de conducir falsificada. Al registrarse el vehículo luego del arresto, la policía encontró dentro del cenicero lo que parecía ser picadura de marihuana. Ello dio lugar a que el automóvil en cuestión fuese confiscado por alegadas infracciones a la Ley de Sustancias Controladas de Puerto Rico.

El 4 de agosto de 1995 Auto Servi invocó su interés propietario sobre el vehículo confiscado y presentó ante el tribunal de instancia una demanda de impugnación de confiscación, conforme lo dispuesto en la Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de julio de 1988 (34 L.P.R.A. sec. 1723 *et seq.*). Alegó incumplimiento por parte del Estado con su obligación de notificar la confiscación en tiempo oportuno al titular registral del vehículo (Auto Servi). En la alternativa, adujo también que era un

---

[1] Corporación autorizada para hacer negocios en Puerto Rico que se dedica al negocio de arrendamiento de vehículos de motor.

tercero inocente en relación con los hechos que dieron base a la confiscación del vehículo. Para proteger su interés propietario, prestó una fianza a favor del Estado por el valor de tasación asignado al vehículo confiscado, conforme lo provisto en el Art. 10 de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723h).

Tras varias incidencias procesales, el 13 de marzo de 1996 el Tribunal de Primera Instancia, Sala Superior de San Juan, resolvió el pleito de impugnación referido. Acogió los nuevos hechos alegados por la demandante en la solicitud de sentencia sumaria que dicha parte había presentado al tribunal el día de la vista del caso. Indicó el foro *a quo* que en "los casos penales que dieron margen a la confiscación aquí impugnada el acusado resultó culpable por delitos menos graves de la Ley de Tránsito y en vista de que la parte demandada da su consentimiento para que se dicte sentencia sumaria en su contra, el Tribunal dicta Sentencia declarando Con Lugar la demanda". En la sentencia aludida se ordenó la devolución del vehículo confiscado o su valor de tasación, más los intereses devengados desde la fecha de la incautación.

Oportunamente, el 8 de abril de 1996 Auto Servi presentó un memorando de costas en el que incluyó, entre otros gastos incurridos, la cantidad de $450 por concepto del costo de la fianza prestada a los fines antes indicados.

El 19 de abril de 1996 el Secretario de Justicia presentó una moción de oposición a dicho memorándum, mediante la cual objetó la partida relacionada a la fianza. Adujo que no procedía en derecho el resarcimiento del costo de esa fianza, ya que ésta no podía ser considerada como un gasto necesario según lo dispuesto en la Regla 44.1 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III. Por su parte, Auto Servi replicó la moción en oposición al memorándum de costas.

Mediante orden dictada el 7 de mayo de 1996, el tribunal de instancia declaró "ha lugar" la totalidad del memo-

rándum de costas presentado por la parte demandante. Inconforme con tal determinación, el 6 de junio de 1996 el Estado acudió, mediante recurso de *certiorari*, ante el Tribunal de Circuito de Apelaciones. En síntesis, alegó allí que el tribunal de instancia había errado al aprobar la totalidad del memorándum de costas presentado por la parte demandante, en específico, la partida relacionada con la fianza. En apoyo de su contención, reiteró su alegación de que tal partida no podía ser considerada como un gasto necesario, según lo dispuesto en la Regla 44.1 de Procedimiento Civil vigente, *supra*.

El 25 de junio de 1996 el Tribunal de Circuito de Apelaciones, mediante resolución, denegó la expedición del auto solicitado. Resolvió que el foro de instancia no había abusado de su discreción ni cometido un error revocable al aprobar la partida por concepto del costo de la fianza como parte de las costas del litigio. Concluyó el tribunal apelativo que dicha partida era un gasto necesario incurrido en la tramitación del pleito para hacer valer un derecho que garantiza la Ley Uniforme de Confiscaciones de 1988.

De dicha resolución del Tribunal de Circuito de Apelaciones acudió ante nos el Estado el 21 de agosto de 1996, representado por el Procurador General, e hizo el siguiente señalamiento de error en su petición de *certiorari*:

ERRO EL TRIBUNAL DE APELACIONES AL DENEGAR LA EXPEDICION DEL AUTO SOLICITADO Y CONCLUIR QUE LA ACTUACION DEL TRIBUNAL DE INSTANCIA NO FUE ARBITRARIA Y QUE NO COMETIO ABUSO DE DISCRECION.

El 11 de octubre de 1996, con la intención de pautar el asunto ante nos, expedimos el recurso solicitado. Le concedimos a ambas partes un término simultáneo y abreviado para someter sus alegatos y se les apercibió de que, concluido ese término, quedaría sometido el recurso para consideración en los méritos por este Tribunal.

El 21 de octubre de 1996 Auto Servi compareció y soli-

cito el archivo del recurso. Indicó que, considerando los gastos que tendría que incurrir para argumentar su derecho ante nos, prefería renunciar al importe de la fianza en cuestión y así terminar la controversia entre las partes.

El 1ro de noviembre de 1996 denegamos la solicitud de archivo de Auto Servi. Dimos por sometido el caso en lo que a dicha parte se refería y le recordamos al Procurador General la fecha límite para presentar su alegato. En tal fecha, 4 de noviembre de 1996, el Estado compareció.

Pasamos a resolver.

## II

En lo pertinente, la Regla 44.1(a) de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, ordena que

[l]as costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro.

Como puede observarse, la regla aludida le impone a los tribunales el deber de conceder las costas a la parte victoriosa en un pleito. Le confiere, además, amplia discreción para determinar las costas que un litigante perdidoso debe pagar.

El propósito conocido de dicha regla "es el resarcir a la parte victoriosa en un litigio los gastos necesarios y razonables en que tuvo que incurrir con motivo del mismo". (Énfasis suprimido.) *Rodríguez Cancel v. A.E.E.*, 116 D.P.R. 443, 461 (1985). *Ferrer Delgado v. Tribunal Superior*, 101 D.P.R. 516, 517 (1973); *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245 (1963). Históricamente, la imposición de costas a la parte perdidosa ha tenido dos razones fundamentales. La primera es la de restituir al que fue

obligado a litigar lo que perdió por hacer valer su derecho. El derecho de esta parte "no debe quedar menguado por los gastos en que tuvo que incurrir sin su culpa y por culpa del adversario". *Garriga, Jr. v. Tribunal Superior*, supra, pág. 253. La otra razón es penalizar la litigación inmeritoria, temeraria o viciosa, y la que se lleva a cabo con el propósito de retrasar la justicia, con el fin de que tal penalidad tenga un efecto disuasivo sobre esa litigación innecesaria y costosa. Íd.

En la jurisdicción federal, de donde proviene originalmente nuestra regla[2] sobre costas, es bastante común que los tribunales acepten el gasto en que se ha incurrido para obtener una fianza como uno de los que son reembolsables como costas a la parte victoriosa en un pleito. Se ha permitido el resarcimiento de dicho gasto cuando la fianza se ha prestado para fines similares a los del caso de autos, tales como lograr que se liberen fondos en litigio que habían sido congelados en el transcurso del pleito y recobrar el uso de propiedad que había sido embargada como parte del litigio. *Rosenfield v. Kay Jewelry Stores, Inc.*, 400 F.2d 89 (10mo Cir. 1968); *American Hawaiian Ventures v. M.V.J. Latuharhary*, 257 F. Supp. 622 (D. N.J. 1966); *Williams v. Sawyer Bros.*, 51 F.2d 1004 (2do Cir. 1931); *Newton v. Consolidated Gas Co.*, 265 U.S. 78 (1924). Para otros tipos de fianza que también han sido consideradas como costas resarcibles en procedimientos judiciales federales, véanse: *Scaduto v. Orlando*, 381 F.2d 587 (2do Cir. 1967); *Berner v. British Commonwealth Pacific Airlines, LTD.*, 362 F.2d 799 (2do Cir. 1966); *Bennet Chemical Co. v. Atlantic Commodities, Ltd.*, 24 F.R.D. 200 (1959); *Weiss v. Smith*, 103 F. Supp. 736 (D. Conn. 1952); *McWilliams Dredging Co. v. Department of Highways*, 187 F.2d 61 (5to Cir. 1951).

---

[2] Véase la explicación histórica en *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245, 253–255 (1963).

■ En Puerto Rico tenemos dos antiguas decisiones en las cuales reconocimos que la prima de la fianza prestada como condición para hacer un embargo, realizado para asegurar la efectividad de una sentencia, es parte de las costas que el demandante victorioso puede cobrar de su demandado. *Armstrong v. Jones*, 47 D.P.R. 202 (1934); *American Colonial Bank v. Ramírez*, 42 D.P.R. 454 (1931). En ambos casos hicimos hincapié en que, como parte de su pleito, el demandante tenía derecho a asegurar la efectividad de la sentencia, por lo que el gasto causado para ejercer ese derecho era reembolsable. También resaltamos que no se habría incurrido en tal gasto si la parte perdidosa no hubiese dado lugar al pleito. Íd.

A la luz de estos principios y conceptos normativos, pasemos ahora a resolver el asunto particular ante nos.

### III

■ En la situación de autos, Auto Servi tenía *derecho* a prestar una fianza para recobrar la propiedad confiscada mientras se dilucidaba judicialmente la validez de la confiscación. Así lo establece claramente el Art. 10 de la citada Ley Uniforme de Confiscaciones de 1988, *supra*, al proveer que

> [d]entro de los quince (15) días de haberse radicado la demanda de impugnación, el demandante *tendrá derecho* a prestar una garantía a favor del Estado Libre Asociado de Puerto Rico ante el secretario del tribunal correspondiente, a satisfacción del tribunal por el importe de la tasación de la propiedad ocupada. Dicha garantía podrá ser en moneda legal, cheques certificados, obligaciones hipotecarias o por compañías de fianza. Aprobada la garantía, el tribunal ordenará que las propiedades sean entregadas a su dueño. (Énfasis suplido.)

También resulta claro que Auto Servi se vio obligado a recurrir al foro judicial, en vista de la acción tomada contra su propiedad por el Estado. Están presentes aquí, pues, de

modo analógico, los dos elementos que nos movieron a considerar como un costo resarcible la fianza en cuestión en *Armstrong v. Jones*, supra, y en *American Colonial Bank v. Ramírez*, supra. No hay duda, además, de que si el costo de la fianza prestada por Auto Servi no se le reembolsa, su derecho de propiedad sobre el vehículo confiscado quedaría menguado, sin su culpa, por el monto de tal costo.

En el caso ante nos, la fianza prestada por Auto Servi era un elemento sustancial de su pleito de impugnación de confiscación. No era de modo alguno una medida superflua o extravagante de parte del demandante. Se trataba más bien de una precaución que se toma de ordinario en casos de esta naturaleza.

A la luz de todo lo anterior, resolvemos que la fianza aludida era un gasto necesario en que se incurrió en la tramitación del pleito incoado por Auto Servi, por lo que el foro de instancia no abusó de su discreción al impartirle su aprobación a la partida relativa a dicha fianza en el memorándum de costas de la parte victoriosa.

*Se dictará sentencia confirmatoria de la resolución del Tribunal de Circuito de Apelaciones de 25 de junio de 1996 en el caso de epígrafe.*

El Juez Asociado Señor Rebollo López concurrió sin opinión escrita.