| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL IX | | |
| --- | --- | --- |
| VÍCTOR CARLOS TALAVERA LAQUERIQUE Recurrido v. CONSEJO DE TITULARES CONDOMINIO PERLE DU MER Recurrente | TA2026RA00001 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor, Regional de Mayagüez Querella número: C-MAY-2024-0005349 Sobre: Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020 |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece la parte recurrente, Consejo de Titulares del Condominio Perle Du Mer, mediante el recurso de epígrafe y nos solicita que revoquemos dos resoluciones del Departamento de Asuntos del Consumidor, a saber, una emitida el 17 de julio de 2025 y notificada el 26 de agosto de 2025, mientras que la otra fue emitida el 29 de octubre de 2025 y notificada 3 de noviembre de 2025. Mediante la primera, el foro administrativo adjudicó en los méritos la querella de epígrafe, mientras que, en virtud de la segunda, le ordenó a la parte recurrente pagarle al recurrido, Víctor Carlos Talavera Lequerique el monto de $11,700.00, por concepto de costas.

Por los fundamentos que se exponen a continuación, se desestima el recurso ante nos por falta de jurisdicción, con respecto a la primera de las resoluciones, mientras que se confirma la

segunda, relacionada con la adjudicación del memorando de costas. Veamos.

**I**

El 27 de agosto de 2024, Víctor Carlos Talavera Lequerique (Talavera Lequerique o recurrido) instó una *Querella* ante el Departamento de Asuntos del Consumidor (DACO o agencia recurrida) en contra del Consejo de Titulares del Condominio Perle Du Mer (Consejo de Titulares o parte recurrente).[1] Esencialmente, alegó que el Condominio Perle Du Mer, donde reside en calidad de titular, cuenta con un sistema de extractores en los elevadores, los cuales se mantienen apagados. Asimismo, que hay un *louver* en lo alto del pozo del elevador, que lleva más de 20 años cerrado. Sostuvo que lo anterior representa una amenaza a la salud, debido a que provoca contaminación con bacterias y hongos creados por el calor, la humedad y el polvo acumulado. Como remedio, solicitó que el DACO le ordenara al Consejo de Titulares encender el extractor y abrir el *louver* completo.

Luego de una serie de incidencias procesales, se llevó a cabo la vista en su fondo, la cual se extendió durante los días 28 de enero, 3 de febrero y 22, 23 y 24 de abril de 2025. Durante la vista, las partes presentaron prueba testifical, pericial y documental.

Luego de aquilatar la prueba que las partes presentaron durante la vista en su fondo, el 17 de julio de 2025, el DACO emitió una *Resolución,* que fue notificada el 30 de julio de 2025.[2] No obstante, debido a que esa primera notificación resultó inoficiosa en la medida que omitió a uno de los abogados de récord, el foro administrativo volvió a notificarla el **26 de agosto de 2025**.[3] Mediante el referido dictamen, el DACO le ordenó a la parte

---

[1] El DACO notificó la *Querella* el 3 de septiembre de 2024. Véase, Entrada núm. 1 del apéndice del recurso.

[2] Entrada núm. 26 del apéndice del recurso.

[3] Entrada núm. 2 del apéndice del recurso.

recurrente encender el extractor del ascensor, así como brindarle el mantenimiento necesario para su funcionamiento eficaz. Asimismo, le ordenó al Consejo de Titulares pagarle al recurrido $3,000.00, correspondientes a honorarios de abogado por temeridad.

Insatisfecho con la suma impuesta por concepto de honorarios de abogado, el 3 de septiembre de 2025, el recurrido reiteró una solicitud de reconsideración previamente interpuesta.[4] En igual fecha, también presentó una *Moción Reiterando Memorando de Costas*.[5] En cuanto a la solicitud de reconsideración instada por el recurrido, el 16 de septiembre de 2025, el DACO notificó que la acogía y que, transcurridos noventa (90) días, sin emitir una resolución en reconsideración, perdería jurisdicción sobre el asunto.[6]

Cabe destacar, además, que, el 15 de septiembre de 2025, el Consejo de Titulares también le solicitó al DACO la reconsideración de la *Resolución* notificada el 26 de agosto de 2025.[7] En igual fecha, la parte recurrente presentó un escrito mediante el cual reiteró una oposición previamente presentada, en cuanto al memorando de costas.[8] No surge del expediente administrativo que el DACO acogiera la moción de reconsideración instada por el Consejo de Titulares.

Así las cosas, el 20 de octubre de 2025, el DACO emitió y notificó oportunamente una *Resolución en Reconsideración*, en la que adjudicó únicamente la solicitud de reconsideración que instó Talavera Lequerique.[9] En virtud de esta, la agencia recurrida determinó aumentar la suma impuesta por concepto de honorarios de abogado, de $3,000.00 a $20,000.00.

---

[4] Entrada núm. 34 del apéndice del recurso.
[5] Entrada núm. 35 del apéndice del recurso.
[6] Entrada núm. 39 del apéndice del recurso.
[7] Entrada núm. 37 del apéndice del recurso.
[8] Entrada núm. 38 del apéndice del recurso.
[9] Entrada núm. 42 del apéndice del recurso.

Posteriormente, el 29 de octubre de 2025, el DACO emitió una *Resolución sobre costas y gastos*, que notificó el 3 de noviembre de 2025, con el propósito de adjudicar el memorando de costas.[10] Mediante esta, le ordenó al Consejo de Titulares pagarle a Talavera Lequerique la suma de $11,700.00, por concepto de costas.

En desacuerdo con la *Resolución* notificada el 3 de noviembre de 2025 sobre la imposición de costas, el 24 de noviembre de 2025, la parte recurrente solicitó reconsideración.[11] No surge del expediente administrativo que el DACO acogiera o adjudicara esta moción de reconsideración.

Así las cosas, por encontrarse inconforme, tanto con la *Resolución* notificada el 26 de agosto de 2025 -sobre la adjudicación de la *Querella* de epígrafe, en los méritos- como con la *Resolución* notificada el 3 de noviembre de 2025 -sobre la imposición de costas- el Consejo de Titulares acudió ante este Foro, mediante el recurso de epígrafe. El mismo día en que presentó el recurso, la parte recurrente nos solicitó autorización para presentar su escrito, en exceso del máximo de páginas contemplado en nuestro reglamento, así como para reproducir la prueba oral. En el recurso de epígrafe, el Consejo de Titulares señaló que el DACO cometió los errores siguientes:

> Erró el DACo al notificar una Resolución con la que pretendía enmendar sustancialmente su determinación original y no advertir del derecho a procurar su reconsideración o de recurrir ante el Tribunal de Apelaciones de manera alternativa o subsidiaria.
>
> Erró el DACo al ignorar la prueba pericial contundente que acreditara tanto el diseño original del condominio, como los requisitos y disposiciones de los reglamentos de construcción aplicables a condominios.
>
> Erró el DACo, en última instancia, al no determinar que por disposición del Artículo 39(10) de la Ley de Condominios el recurrido estaba impedido de cuestionar las condiciones manifiestas de los elementos comunes del Condominio Perle du Mer.

---

[10] Entrada núm. 43 del apéndice del recurso.
[11] Entrada núm. 46 del apéndice del recurso.

Erró el DACo al decretar que la recurrente incurrió en temeridad al defenderse en este proceso.

Erró el DACo al imponer a la recurrente el pago de costas, incluyendo honorarios periciales irrazonables, improcedentes, excesivos y no justificados.

Luego de varias incidencias procesales, que incluyeron trámites relacionados con la reproducción de la prueba oral, Talavera Lequerique presentó un *Escrito en solicitud de desestimación al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones*. Esencialmente, expuso que procede la desestimación del recurso de epígrafe, por falta de jurisdicción.

Luego de que le ordenáramos a la parte recurrente presentar su postura respecto a la solicitud de desestimación instada por el recurrido, el 27 de marzo de 2026, esta compareció oportunamente, mediante una *Oposición a Solicitud de Desestimación.*

Con el beneficio de conocer la postura de ambas partes, procedemos a disponer de la controversia jurisdiccional ante nos. Asimismo, procedemos a discutir el quinto y último de los señalamientos de error formulados.

**II**

**A**

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y en que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882

(2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo [...]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

Cónsono con lo anterior, este Foro puede desestimar un recurso ante su consideración, por falta de jurisdicción. Ello, a petición de parte, en virtud de la Regla 83(B)(1) de nuestro Reglamento o *motu proprio,* de conformidad con el inciso (C). Regla 83 Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.[12]

**B**

De conformidad con los amplios poderes y facultades que el Secretario o la Secretaria del DACO posee, en virtud de la ley orgánica de la agencia,[13] el 14 de junio de 2011 aprobó el Reglamento Núm. 8034, conocido como *Reglamento de Procedimientos Adjudicativos.* En esencia, este reglamento establece

---

[12] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 63, 215 DPR ___ (2025).

[13] Véase, Artículo 6(g) de la Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 LPRA sec. 341e(g), conocida como *Ley Orgánica del Departamento de Asuntos del Consumidor.*

las directrices que regirán los procedimientos para la adjudicación de querellas ante la consideración del DACO.

El objetivo de esta reglamentación es "proveer un procedimiento uniforme para la solución de las querellas presentadas ante la agencia". *Quintero Betancourt v. El Túnel Auto*, 194 DPR 445, 453 (2015). Lo anterior, debido a que, "al igual que la vasta mayoría de las agencias administrativas, el DACo tiene como fin atender los asuntos que le fueron delegados de una forma justa, práctica y flexible [...]". *Íd.*

La Regla 29 del Reglamento Núm. 8034 dispone lo relacionado con la reconsideración y revisión judicial de los dictámenes finales que emite el DACO. En lo pertinente, la referida disposición establece que la parte adversamente afectada debe presentar una solicitud de reconsideración, dentro del término jurisdiccional de veinte (20) días, los cuales comienzan a transcurrir a partir de la fecha de archivo en autos de la notificación de la resolución u orden. Sobre cómo comienza a transcurrir el término para recurrir al Tribunal de Apelaciones, mediante un recurso de revisión judicial, se dispone lo siguiente:

> El Departamento dentro de los quince (15) días de haberse presentado dicha solicitud podrá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión judicial comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su reconsideración, tendrá que completarse dentro de los noventa (90) días jurisdiccionales y el término para solicitar revisión judicial de treinta (30) días empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. [...].

Regla 29 del Reglamento Núm. 8034.[14]

---

[14] Sobre el término para presentar un recurso de revisión judicial, véase también la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57.

De otra parte, en los procedimientos adjudicativos ante el DACO, el pago de costas se rige por la Regla 27.3 del Reglamento Núm. 8034. La disposición citada reza como sigue:

> El funcionario, Secretario o Panel de Jueces que presida la vista podrá imponer a la parte perdidosa el pago de costas y honorarios de abogado. **El procedimiento se regirá por lo dispuesto en la Regla 44 de la Ley de Procedimiento Civil de Puerto Rico de 2009, según enmendada**. (Negrillas suplidas).

**C**

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, establece lo referente a la concesión de costas y honorarios de abogado a favor de una parte. En lo pertinente a la concesión de costas, en los incisos (a) y (b), la disposición citada establece lo siguiente:

> (a) [...] Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.
>
> (b) [...] La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado abogada y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. [...]

La Regla antes citada tiene una función reparadora. *Rosario Domínguez v. ELA*, 198 DPR 197, 211 (2017); *Aponte v. Sears Roebuck de P.R., Inc.*, 144 DPR 830, 848 (1998); *J.T.P. Dev. Corp. v. Majestic Realty Corp.,* 130 DPR 456, 460 (1992). Tiene como

propósito resarcir a la parte victoriosa en los gastos necesarios y razonables en que se vio obligada a incurrir por motivo del pleito. *Auto Servi, Inc. v. E.L.A.,* 142 DPR 321, 326 (1997); *Ferrer Delgado v. Tribunal Superior,* 101 DPR 516, 517 (1973). Por tal razón, impera la norma de que, una vez reclamadas por la parte prevaleciente, la imposición de costas es "mandatoria". *Rosario Domínguez v. ELA,* supra, pág. 212; *J.T.P. Dev. Corp. v. Majestic Realty Corp,* supra, págs. 460-461.

En *Garriga, Jr. v. Tribunal Superior,* 88 DPR 245, 257 (1963), el Tribunal Supremo resolvió que las costas no son todos los gastos que ocasiona la litigación, sino los gastos: (a) necesarios; (b) incurridos; y (c) razonables. Véase, además, *Rosario Domínguez v. ELA,* supra, pág. 211. Su razonabilidad se extenderá dentro de la realidad económica de Puerto Rico, y en cuanto a los gastos personales, además, se tendrá en cuenta la condición económica de las personas concernidas. No se aprobarán gastos innecesarios, superfluos o extravagantes. *Garriga, Jr. v. Tribunal Superior,* supra, págs. 256-257.

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

### III

Actualmente, se encuentra sometido ante nuestra consideración el *Escrito en solicitud de desestimación al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones* instado por el recurrido. Mediante este, Talavera Lequerique adujo que, de conformidad con la Regla 83 de nuestro Reglamento, *supra*, procede desestimar el recurso de epígrafe por falta de jurisdicción. Así, dado que, mediante el recurso de epígrafe, el Consejo de Titulares recurre de dos dictámenes del DACO, concluimos que carecemos de jurisdicción para adjudicar los señalamientos de error que giran en torno a uno de los dictámenes. Veamos.

Tal y como adelantáramos, mediante el recurso de epígrafe, el Consejo de Titulares recurre de dos dictámenes del DACO. Entiéndase, la *Resolución* notificada el 26 de agosto de 2025, sobre la adjudicación en los méritos de la *Querella* de epígrafe y la *Resolución* notificada el 3 de noviembre de 2025, sobre la imposición de costas.

En cuanto a la *Resolución* notificada el **26 de agosto de 2025**, corresponde reseñar que se presentaron ante el DACO dos mociones de reconsideración, ambas oportunas. Una de ellas la presentó el recurrido, el **3 de septiembre de 2025** y esta únicamente giraba en torno a cuestionar la cuantía que el foro administrativo le impuso a la parte recurrente, por concepto de honorarios de abogado. De otra parte, la segunda solicitud de reconsideración la instó la parte recurrente el **15 de septiembre de 2025**, con el objetivo de cuestionar los méritos de la *Resolución* notificada el 26 de agosto de 2025, en la medida en que la adjudicación de la querella por parte de la agencia recurrida le resultó adversa.

Así las cosas, el **16 de septiembre de 2025**, el DACO les notificó a las partes -oportunamente y dentro del término reglamentario de quince (15) días- que acogería la moción de reconsideración instada por Talavera Lequerique, en cuanto a los honorarios de abogado. Tras considerarla en los méritos, el **20 de octubre de 2025**, la agencia recurrida emitió y notificó una *Resolución en Reconsideración*, en la que se limitó a aumentar a $20,000.00 la cuantía de $3,000.00 que originalmente le impuso a la parte recurrente, por concepto de honorarios de abogado. No obstante, no surge de los autos que el DACO acogiera la moción de reconsideración que el Consejo de Titulares instó el 15 de septiembre de 2025, para lo cual contaba con los quince (15) días que dispone la Regla 29 del Reglamento Núm. 8034.

En fin, toda vez que el Consejo de Titulares instó el recurso de epígrafe el **6 de enero de 2026**, es forzoso concluir que dicha presentación, en cualquier escenario, resultó tardía. Ello, en consideración al hecho de que el DACO nunca acogió la moción de reconsideración oportuna que instó la parte recurrente el 15 de septiembre de 2025.

De otra parte, es necesario considerar que la solicitud de reconsideración instada por el recurrido en cuanto a los honorarios de abogado interrumpió el término para todas las partes y el DACO notificó la *Resolución en Reconsideración* el **20 de octubre de 2025**. Por tanto, el término para recurrir ante este Foro mediante un recurso de revisión judicial venció el **20 de noviembre de 2025**.

Así las cosas, y de conformidad con lo anterior, concluimos que no tenemos jurisdicción para adjudicar en los méritos los primeros tres señalamientos de error. Asimismo, y toda vez que el cuarto error señalado por el Consejo de Titulares gira en torno a la imposición de temeridad, cuya cuantía el DACO aumentó al emitir la *Resolución en Reconsideración* notificada el **20 de octubre de 2025,** también carecemos de jurisdicción para discutir el planteamiento en los méritos.

Ahora bien, en cuanto a la imposición de costas, es importante recordar que se trata de un proceso que tiene lugar post adjudicación en los méritos. Es decir, un trámite separado e independiente del dictamen final que, en su día, emite el foro administrativo. En los procesos adjudicativos ante el DACO, este proceso se rige por la Regla 27.3 del Reglamento Núm. 8034, la cual, a su vez, remite a lo dispuesto en la Regla 44.1 de Procedimiento Civil, *supra,* sobre costas y honorarios de abogado.

En lo pertinente, el inciso (b) de la Regla 44.1, *supra,* dispone que la parte que reclame el pago de costas cuenta con un término de diez (10) días, contados a partir del archivo en autos de copia de

la notificación del dictamen final, para presentar un memorando de costas. En el caso de epígrafe, el DACO notificó el primer dictamen recurrido el **26 de agosto de 2025** y Talavera Lequerique presentó el memorando de costas el **3 de septiembre de 2025**, por lo que es forzoso concluir que su presentación ocurrió dentro de los diez (10) días reglamentarios y, consecuentemente, resultó oportuna.

De este modo, tratándose de un trámite separado e independiente de la adjudicación en los méritos de la *Querella* de epígrafe, el DACO consideró y adjudicó el memorando de costas. A tales fines, el **3 de noviembre de 2025** el DACO emitió y notificó una *Resolución sobre Costas y Gastos*, que es el segundo dictamen aquí recurrido. En virtud de este, le ordenó al Consejo de Titulares pagarle al recurrido $11,700.00, por concepto de costas.

Por encontrarse en desacuerdo, el 24 de noviembre de 2025, el Consejo de Titulares instó una solicitud de reconsideración oportuna. Sin embargo, el DACO no consideró esta solicitud, por lo que, el **10 de diciembre de 2025**; entiéndase, a los quince (15) días de presentada la solicitud de reconsideración, comenzó a transcurrir el término de treinta (30) días para recurrir ante este foro. En fin, toda vez que la parte recurrente presentó el recurso ante nos el **6 de enero de 2026**, es forzoso concluir que poseemos jurisdicción para discutir en los méritos el quinto señalamiento de error formulado, por ser el único planteamiento que versa sobre la imposición de costas por parte del DACO.

Así, debido a que no requerimos examinar la transcripción de la prueba oral para la discusión del quinto y último señalamiento de error, procedemos, sin más, a disponer del recurso del epígrafe.[15]

---

[15] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), la cual dispone lo siguiente: "El Tribunal de Apelaciones tendrá facultad para prescindir de términos no jurisdicciones, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía".

En virtud del referido señalamiento, el Consejo de Titulares impugna la *Resolución* notificada el 3 de noviembre de 2025, mediante la cual el DACO adjudicó el memorando de costas presentado por Talavera Lequerique. En específico, adujo que la agencia recurrida erró al imponer a la parte recurrente el pago de costas, el cual incluyó honorarios periciales que le parecieron irrazonables, improcedentes, excesivos y no justificados. Como veremos a continuación, este error no se cometió.

En la argumentación de este error, el Consejo de Titulares aludió a lo que establece el inciso (a) de la Regla 44.1 de Procedimiento Civil, *supra*, en la medida que permite el recobro de "los gastos **incurridos necesariamente** en la tramitación de un pleito o procedimiento [...] que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra". (Negrillas suplidas). De conformidad con lo anterior, la parte recurrente señaló que, en el memorando de costas presentado, el recurrido reclamó el reembolso de los honorarios de su prueba pericial, pero que omitió demostrar que el uso de esta prueba fuese necesario para que prevaleciera su teoría.

Específicamente, en cuanto a los honorarios de uno de los peritos, el Ing. Freddie Irizarry (ingeniero Irizarry), el Consejo de Titulares señaló que Talavera Lequerique no explicó en el memorando de costas de manera detallada la gestión conducida, ni el tiempo invertido, así como tampoco la tarifa reclamada o los gastos cuyo reembolso procuraba. En síntesis, y en lo concerniente al recobro de las costas, la parte recurrente considera que el recurrido incumplió su deber de explicar y justificar la razonabilidad de los honorarios periciales que pretende recobrar.

Así las cosas, tras considerar lo argumentado por la parte recurrente en el recurso de epígrafe, a la luz del memorando de costas y la *Resolución sobre Costas y Gastos* recurrida, concluimos

que no estamos en posición de intervenir con el criterio del DACO, a los efectos de variar la cuantía impuesta por concepto de costas. Surge del memorando de costas que el recurrido reclamó **$23,803.00** en pago de costas, las cuales subdividió en las cuatro (4) partidas siguientes:

1) $12,103.00 como reembolso de una factura correspondiente a los honorarios periciales del Ing. Juan Goyco.

2) $1,263.60 como reembolso de una factura correspondiente a honorarios periciales del Ing. Freddie Irizarry.

3) $3,598.40 como reembolso de una factura correspondiente a honorarios periciales del Ing. Freddie Irizarry.

4) $6,838.00 como reembolso de una factura correspondiente a honorarios periciales del Ing. Freddie Irizarry.

De los $23,803.00 reclamados, en la *Resolución sobre Costas y Gastos* recurrida, el DACO adjudicó únicamente $11,700.00, que corresponde a la totalidad de lo invertido por Talavera Lequerique en las tres facturas que detallan los honorarios devengados por el ingeniero Irizarry. En cuanto al monto de $12,103.00 devengado por el Ing. Juan Goyco (ingeniero Goyco), la agencia recurrida concluyó que no procedía adjudicar dicha partida, debido a que el recurrido no lo presentó como perito de la parte querellante en las vistas administrativas. Asimismo, manifestó que las opiniones, hallazgos o el informe del ingeniero Goyco tampoco fueron utilizados por el ingeniero Irizarry, que fue el único testigo que declaró en las vistas administrativas, en calidad de perito.

Asimismo, es importante reseñar que, en la *Resolución sobre Costas y Gastos* recurrida, el DACO enfatizó que "[l]as facturas del ingeniero Irizarry **detallan las horas, tarifa y descripción del servicio prestado a la parte querellante**, relacionada a la investigación de los hechos, reuniones, preparación de informes, preparación para vistas y participación en las vistas

administrativas".[16] (Negrillas suplidas). En fin, tras evaluar, tanto el memorando de costas como lo expresado por el DACO en el segundo dictamen recurrido, somos del criterio que el foro administrativo realizó un ejercicio ponderado y razonable al adjudicar el pago de costas, en el que consideró adecuadamente el estándar que emana del inciso (a) de la Regla 44.1 de Procedimiento Civil, *supra*, sobre la concesión de costas. Por tal razón, y debido a que dicho ejercicio merece nuestra deferencia, procede confirmar la *Resolución sobre Costas y Gastos* recurrida.

**IV**

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción, únicamente con respecto a la *Resolución* emitida el 17 de julio de 2025 y notificada el 26 de agosto de 2025. En cuanto a la *Resolución* emitida el 29 de octubre y notificada el 3 de noviembre de 2025, relacionada con la adjudicación del memorando de costas, esta se confirma.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] *Resolución sobre Costas y Gastos*, pág. 3. Entrada núm. 43 del apéndice del recurso.